**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHILIP HOPKINS,

        Plaintiff,

vs.                                            Case No. 3:17-cv-74-J-32JRK

JACKSONVILLE ASSOCIATION OF
FIREFIGHTERS, IAAF LOCAL 122, INC.,

        Defendant.

## ORDER

In his two count complaint, plaintiff Philip Hopkins, an African-American firefighter, alleges that defendant Jacksonville Association of Firefighters, IAAF Local 122, Inc. ("the Union") violated Title VII when it discriminated against him based on his race and retaliated against him when he complained about unlawful discrimination (Doc. 1). The Union has moved to dismiss or alternatively for a more definite statement under Federal Rules of Civil Procedure 12(b)(6) and 12(e) (Doc. 12), and Hopkins responded (Doc. 15).

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Legal conclusions are not enough. Id. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "[J]udicial experience and common sense" guide the reviewing court in "[d]etermining whether a

complaint states a plausible claim for relief." Id. at 679 (citation omitted). While a court's review of a motion to dismiss under Rule 12(b)(6) is generally confined to the four corners of the complaint, the court may also take judicial notice of court documents, including those from state court. Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013).

The gist of Hopkins' complaint is that the Union's decision to pursue legal action against the City of Jacksonville, Hopkins, and two other African-American firefighters in state court in 2002 was an act of racial discrimination and retaliation for Hopkins having filed suit in federal court against the City and the Union in 2000. The complaint does not contain any factual allegations explaining how the Union's filing of the 2002 state court lawsuit violated Title VII.

The undersigned is well familiar with both the underlying federal and state cases, having examined them in depth in the course of presiding over Hopkins' 2007 federal suit against the City. The Court's November 19, 2014 order in that case recounts the chronology of events. See Hopkins v. City of Jacksonville, No. 3:07-cv-147, 2014 WL 6610138, *2 n.4 (Nov. 19, 2014).[1] Hopkins cannot state a claim to relief based solely on the conclusory

---

[1] In his 2000 federal case, Hopkins and the other plaintiffs originally sued the City only. The Union moved to intervene without objection and the Court granted that motion, but vacated its order before the Union even filed its complaint in intervention because plaintiffs decided to amend their complaint to name the Union as a defendant as well. The plaintiffs later voluntarily dismissed their claims against the City when the Court refused to agree to enforce a settlement agreement absent a fairness hearing. The plaintiffs proceeded to trial on their claims against the Union, losing when the Court granted a directed verdict for the Union. See Hopkins v. City, No. 3:00-cv-309-J-25.

All parties to the Union's state court suit settled before trial. Whether the City breached its agreement to let Hopkins keep seniority points was a subject of Hopkins' later federal suit

allegations he has made in this action about those cases. Further factual allegations are needed to explain how the Union's litigation posture in state and federal court might have violated Hopkins' Title VII rights.

Hopkins' complaint contains two additional paragraphs (26 and 27) of factual allegations that go beyond the recitation of proceedings of those earlier cases.[2] But these allegations are also missing the factual content needed to save the complaint. While Hopkins included one particularly reprehensible example of the alleged harassment he suffered, this allegation is presented in a vacuum, lacking context or detail with regard to the statement, including who made it or when it was made. See Iqbal, 556 U.S. at 678 (requiring sufficient factual content for court to draw reasonable inference that defendant is liable for misconduct alleged). The remaining paragraphs of Hopkins' complaint set forth legal conclusions with no factual support and are therefore insufficient to permit the complaint to go forward. See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].") (citation omitted).

---

against the City, which the parties settled after the Court found disputed issues of fact precluded entry of summary judgment as to that claim. See Hopkins v. City, No. 3:07-cv-147-J-32MCR.

[2]Paragraph 26 alleges: "Throughout the 1990s and at all times relevant herein, Plaintiff engaged in protected activity under Title VII on repeated occasions by complaining to Defendant, JFRD and the EEOC about the lack of diversity on account of race within JFRD and the Defendant's failure to address such issues as Defendant exerted significant influence over the promotional process within JFRD." Doc. 1 at ¶ 26.

Paragraph 27 alleges: "Plaintiff was subjected to a campaign of harassment by Defendant for complaining about race discrimination, including, for example, Defendant's then president's race related comment that Plaintiff was an 'ignorant n*****' and that Plaintiff would 'get promoted to Chief' over his 'dead body.'" Doc. 1 at ¶ 27.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**. Plaintiff's complaint (Doc. 1) is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). No later than **February 26, 2018** plaintiff may file an amended complaint. If plaintiff files an amended complaint, defendant shall respond no later than **March 26, 2018**. The Court will issue a Case Management and Scheduling Order once the pleadings are settled.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of January, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record