**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PHILIP HOPKINS,

        Plaintiff,

vs.                                                   Case No. 3:17-cv-74-J-32JRK

JACKSONVILLE ASSOCIATION OF
FIREFIGHTERS, IAAF LOCAL 122, INC.,

        Defendant.

## ORDER

Plaintiff Philip Hopkins, an African-American firefighter, alleges that defendant Jacksonville Association of Firefighters, IAAF Local 122, Inc. ("the Union") violated Title VII when it discriminated against him based on his race and retaliated against him when he complained about unlawful discrimination. The Court granted the Union's motion to dismiss, finding that Hopkins had failed to state a claim (Doc. 17). Hopkins filed an amended complaint (Doc. 18), the Union has again moved to dismiss (Doc. 19), and Hopkins has responded (Doc. 20).

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Legal conclusions are not enough. Id. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "[J]udicial experience and common sense" guide the reviewing court in "[d]etermining whether a complaint states a plausible claim for relief." Id. at 679 (citation omitted). While a court's review of a motion to dismiss under Rule 12(b)(6) is generally confined to the four corners of the complaint, the court may also take judicial notice of court documents, including those from state court. Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013).

Hopkins alleges that the Union's decision to pursue legal action against the City of Jacksonville, Hopkins, and two other African-American firefighters in state court in 2002 was an act of racial discrimination and retaliation for Hopkins having filed suit in federal court against the City and the Union in 2000, and that it thereafter engaged in a continuing pattern of harassment against him.[1] Following the Court's dismissal of his original complaint for failure to state a claim, Hopkins filed an amended complaint that adds seventeen new paragraphs (¶¶ 10, 12, 13, 14, 15, 16, 26, 28, 29, 30, 38, 39, 40, 41, 50, 51, 60) and amends three (¶¶ 25, 27, 37) in an attempt to cure the lack of factual allegations that resulted in the earlier dismissal.

---

[1] As explained in the Court's earlier order (Doc. 17) (the entirety of which is incorporated by reference here), the Court is quite familiar with the earlier federal and state litigation, having examined those cases in the context of presiding over another of Hopkins' lawsuits, Hopkins v. City of Jacksonville, No. 3:07-cv-147-J-32MCR.

The Court has carefully reviewed these additional allegations and finds that, in combination with the other allegations the Court has previously reviewed, Hopkins has failed to demonstrate how the Union violated Hopkins' rights under Title VII. The additional allegations are either conclusory,[2] they long predate the relevant time frame,[3] they describe actions taken by the City,[4] or they describe actions by Hopkins' co-workers or supervisors who, though Union members or officials, are not alleged to have taken these actions on behalf of the Union.[5] Disregarding the allegations that

---

[2] See, for example, paragraph 16, alleging that the Union's 2002 state court lawsuit was on account of Hopkins' claim of race discrimination and tainted certain Union members' perception of Hopkins.

[3] See, for example, paragraphs 12, 13, 15 and 26, describing actions that allegedly occurred in 2002, well more than 300 days before Hopkins filed his 2007 EEOC charge. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (explaining that in a deferral state (as is Florida), a Title VII claimant must file a charge of discrimination within 300 days of the last discriminatory act). (Hopkins' June 15, 2007 EEOC charge is not of record, nor is the EEOC right to sue letter, which (according to paragraph 44 of the Amended Complaint) issued nine years later, in May 2016. The Court assumes the delay was occasioned by the lengthy global efforts to settle a number of firefighter discrimination cases and charges that had been pending for many years.)

[4] See, for example, paragraphs 10 and 60, describing addition and subsequent removal of points from Hopkins' score on the City's ranked promotions eligibility list (an issue over which Hopkins later sued the City, see Hopkins v. City of Jacksonville, No. 3:07-cv-147-J-32MCR).

[5] See, for example, paragraphs 38, 39 and 40, describing what Hopkins perceived to be insulting behavior in the workplace by his supervisor, a Union member.

are clearly time-barred,[6] there are simply insufficient allegations of fact to support a claim for retaliation or discrimination by the Union. See Iqbal, 556 U.S. at 678 (requiring sufficient factual content for court to draw reasonable inference that defendant is liable for misconduct alleged).

---

[6]To the extent Hopkins attempts to escape this bar by alleging a continuing pattern of harassment, the Court finds his claims fall far short.

First, Hopkins has cited no authority to suggest that prosecuting a non-frivolous lawsuit constitutes a continuing pattern of harassment. As recounted in the Court's order in his earlier case (No. 3:07-cv-147, Doc. 140), the Union sued in state court only after the City and Hopkins settled their federal lawsuit without the Court conducting a hearing at which the Union intended to lodge objections against the settlement (which is why the Honorable Henry Lee Adams, Jr., declined to approve that settlement– see No. 3:07-cv-147, Doc. 16-3 (hearing transcript from No. 3:00-cv-309)). The Union advised the parties at the hearing before Judge Adams that it intended to file suit in state court over what it deemed to be a breach of the Collective Bargaining Agreement. And indeed, it did (the parties eventually settled that case; this Court later found there was a disputed issue of fact as to whether the City breached its agreement with Hopkins– they eventually settled that too) (see Docs. 140 & 149, No. 3:07-cv-147). Hopkins has not explained how the Union's actions in prosecuting its state court lawsuit is a continuing pattern of harassment within the meaning of Title VII.

Second, to the extent Hopkins claims that a series of incidents involving his supervisors (which he alleges originally stemmed from his complaints of discrimination dating back to the 1990s) are not time-barred because they are a continuing pattern of harassment, again the Court disagrees. While serious and unfortunate if true, most of those incidents are workplace matters that Hopkins has failed to connect to the Union except to allege that the offending supervisors were Union members (indeed, Hopkins included at least one of these incidents in an earlier EEOC charge he filed against the City- see Doc. 56-4 filed in Case No. 3:07-cv-147). Moreover, the most recent incident is alleged to have occurred in April 2006, more than 300 days before Hopkins filed his EEOC charge here. Hopkins' allegations are simply not enough to state a continuing pattern of harassment by the Union that stretches forward to the time protected by his EEOC charge.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 19) is **GRANTED**. Plaintiff's amended complaint (Doc. 18) is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record

---

[7]Plaintiff did not seek leave to further amend his complaint in the event the Court still found it deficient, but even if he had, the Court would not have granted such a request given that he has already had an opportunity to attempt to cure these deficiencies.